FILED'09 FEB 17 16:39 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARTIN BIRCH,

        Petitioner,

v.

BRIAN BELLEQUE, Superintendent,
Eastern Oregon Correctional Institution,

        Respondent.

Civil No. 06-1364-BR

OPINION AND ORDER

KRISTINA HELLMAN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

        Attorney for Petitioner

HARDY MYERS
Attorney General
LESTER R. HUNTSINGER
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus is **DENIED AS MOOT**.

## BACKGROUND

In March 1989, Petitioner was convicted on two counts of Robbery in the First Degree. The trial judge sentenced him to consecutive, indeterminate 20-year terms of imprisonment, with consecutive 10-year minimum terms.

Petitioner does not challenge the legality of his conviction or sentence in this habeas corpus action. Instead, Petitioner challenges a decision by the Oregon Board of Parole and Post-Prison Supervision (the "Board") deferring Petitioner's parole release date for 24 months. Petitioner challenges the deferral on *ex post facto* and due process grounds.

On December 10, 2008, in response to a request from the Court, Petitioner filed a "Statement of Custody Status." The Statement confirms that Petitioner was released on parole on August 19, 2008, and that, as of December 3, 2008, he remained on parole.

**DISCUSSION**

The case or controversy provision of Article III, § 2 of the United States Constitution "subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1955)). this means that, throughout the litigation, a habeas petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Id*.

Assuming that the "in custody" requirement of 28 U.S.C. § 2254 was met at the time of filing of a petition for writ of habeas corpus, a parolee's challenge to the legality of the underlying conviction always satisfies the case or controversy requirement. This is so because "collateral consequences" of the conviction result in "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed upon" a petitioner. *Carafas v. LaValle*, 391 U.S. 234, 237 (1968) (citation omitted). The presumption of collateral consequences does not, however, necessarily extend to other contexts. In particular, a petition challenging a Board decision to delay release on parole is rendered moot by the petitioner's subsequent

release. *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005).

As noted, Petitioner was released on parole on August 19, 2008, during the pendency of this action. As such, this case does not meet the case or controversy requirement of Article III, and the actual injury for which Petitioner seeks relief cannot be redressed by a favorable decision of this Court.

### CONCLUSION

For these reasons, the Court **DENIES AS MOOT** the Petition for Writ of Habeas Corpus.

IT IS SO ORDERED.

DATED this 17th day of February, 2009.

_____
ANNA J. BROWN
United States District Judge